**Darrell Allen**

1000 Speer Blvd, Apt 1615

Denver, CO 80204

Email: iambigdarrell@gmail.com

**Pro Se Plaintiff**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **Darrell Allen**<br>        Plaintiff**,**<br>  vs.<br><br>**Evolve Vacation Rental Network, Inc.**<br>**Defendant.** | CASE NO: 1:24-cv-02404-CNS-NRN |

_____

### PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF OBJECTION TO MAGISTRATE JUDGE'S ORDER
_____

## I. INTRODUCTION

Plaintiff Darrell Allen respectfully moves this Court to stay all proceedings in this case,

including consideration of Defendant Evolve Vacation Rental Network, Inc.'s filings,

pending resolution of Plaintiff's objection to the Magistrate Judge's Order granting

Defendant's Motion to Set Aside Default Judgment. Proceeding further in this case

without first resolving the pending objection would prejudice Plaintiff, undermine judicial

efficiency, and potentially render subsequent actions procedurally invalid if the default judgment is reinstated.

This request aligns with the Court's inherent authority to manage its docket and ensure the fair and efficient resolution of disputes, as recognized in *Landis v. North American Co.*, 299 U.S. 248 (1936). A stay is particularly warranted where a pending issue significantly impacts the procedural posture of the case and where judicial resources may be wasted on unnecessary or duplicative litigation, as emphasized in *Clinton v. Jones*, 520 U.S. 681 (1997).

Plaintiff's objection raises serious questions regarding the validity of the Magistrate Judge's decision, including Defendant's failure to meet the standards for relief under Federal Rules of Civil Procedure 55(c) and 60(b). Allowing Defendant to litigate before these issues are resolved creates an inequitable procedural advantage, compounding the prejudice Plaintiff has already endured. A stay is essential to preserve the integrity of judicial proceedings and ensure fairness to all parties.

## II. FACTUAL BACKGROUND

**1. Procedural History**:

    a. Plaintiff filed the Complaint in this matter on August 30, 2024, initiating claims against Defendant Evolve Vacation Rental Network, Inc. for violations of federal and state employment laws, including wrongful termination and discriminatory practices (Docket No. 1).

b. Defendant was properly served on September 30, 2024, as evidenced by the proof of service filed with this Court (Docket No. 6).

c. Defendant failed to respond within the 21-day deadline prescribed by Federal Rule of Civil Procedure 12(a). On October 22, 2024, Plaintiff filed a Motion for Entry of Default (Docket No. 9) and a Motion for Default Judgment (Docket No. 8).

d. On October 23, 2024, the Clerk entered default against Defendant (Docket No. 10). On November 15, 2024, the Court entered default judgment in Plaintiff's favor, citing Defendant's lack of timely response or any defense to Plaintiff's claims (Docket No. 20).

**2. Magistrate Judge's Order**:

a. On October 30, 2024, Defendant filed a Motion to Set Aside the Clerk's Entry of Default (Docket No. 11). The motion was referred to the Magistrate Judge, who on November 28, 2024, granted Defendant's Motion to Set Aside Default Judgment (Docket No. 20). The Magistrate Judge concluded that Defendant's failure to respond was excusable due to internal administrative issues and found that Defendant had potentially meritorious defenses.

b. Plaintiff timely objected to the Magistrate Judge's ruling on December 2, 2024, arguing that Defendant's procedural failures constituted willful neglect and that Defendant failed to meet the legal standards for relief under Rules 55(c) and 60(b) (Docket No. 22). Plaintiff further asserted that Defendant's repeated

procedural failures caused significant prejudice, including evidentiary harm and procedural delays.

**3. Defendant's Subsequent Filings**:

a. On December 6, 2024, before the District Judge ruled on Plaintiff's objection, Defendant filed an Answer to the Complaint (Docket No. 24) and a Partial Motion to Dismiss Plaintiff's Complaint (Docket No. 23).

b. These filings seek to litigate the case while the validity of the Magistrate Judge's decision remains unresolved. Allowing such filings creates procedural uncertainty and risks prejudicing Plaintiff, who must now address potentially invalid motions while awaiting a ruling on the objection.

## III. LEGAL FRAMEWORK

Federal courts possess inherent authority to manage their dockets, including the discretion to stay proceedings to ensure fairness and efficiency. The decision to grant a stay is guided by balancing the following factors:

1. **Impact on Pending Issues**: A stay is appropriate where unresolved matters significantly influence the procedural posture or validity of litigation. Courts have emphasized the importance of resolving foundational disputes before proceeding, as articulated in *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

2. **Potential Prejudice to the Parties**: Courts consider whether allowing proceedings to continue would unfairly harm one party, while imposing minimal

or no prejudice on the other. As stated in *Hunt v. Ford Motor Co.*, 65 F.3d 178, 181 (10th Cir. 1995), procedural fairness demands avoiding unnecessary prejudice to the non-defaulting party.

3. **Promotion of Judicial Economy**: A stay conserves judicial resources by preventing unnecessary or duplicative efforts. The Supreme Court in *Landis v. North American Co.*, 299 U.S. 248, 254 (1936), recognized that courts have the authority to issue stays to avoid wasting judicial time and effort. Similarly, in *Clinton v. Jones*, 520 U.S. 681, 706 (1997), the Court affirmed that a stay is justified when it promotes the orderly and efficient resolution of disputes.

In this case, these principles strongly support staying proceedings. The pending objection to the Magistrate Judge's order directly affects the procedural posture of this case. Proceeding before the objection is resolved risks unnecessary litigation, procedural prejudice to Plaintiff, and inefficient use of judicial resources.

## IV. ARGUMENT

## 1. A Stay is Necessary to Avoid Prejudice to Plaintiff

Allowing litigation to proceed while Plaintiff's objection to the Magistrate Judge's order is unresolved would create undue prejudice to Plaintiff. Specifically:

A.  **Risk of Invalid Proceedings**:

   i.   If the District Judge overturns the Magistrate Judge's order and reinstates
        the default judgment, Defendant's Answer and Motion to Dismiss will be
        rendered procedurally invalid. Plaintiff would then face the unnecessary
        burden of addressing filings that are legally void, wasting both time and
        resources (*Rhines v. Weber*, 544 U.S. 269, 276-77 (2005); *Landis v. N.
        Am. Co.*, 299 U.S. 248, 254 (1936)).

   ii.  Allowing these filings to stand before resolving the objection risks
        procedural complications, potentially undermining Plaintiff's ability to
        litigate effectively.

B.  **Impact on Plaintiff's Position**:

   i.   Defendant's filings seek to advance the case based on an unresolved
        procedural ruling that Plaintiff has contested. This maneuver unfairly
        prejudices Plaintiff, who must defend against potentially invalid filings
        while awaiting a resolution on the validity of the default judgment (*Hunt v.
        Ford Motor Co.*, 65 F.3d 178, 181 (10th Cir. 1995)).

   ii.  This premature litigation distracts from Plaintiff's ability to focus on
        substantive claims and efforts to preserve evidence, further compounding
        harm caused by Defendant's prior procedural delays.

C. **Preservation of Evidence and Case Integrity**:

    i.    Plaintiff has already raised concerns regarding evidentiary prejudice resulting from Defendant's delay, including the potential loss of critical internal records and fading witness recollections. Courts have recognized that such risks are heightened by prolonged litigation delays (*Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 398 (1993); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993)).

    ii.    A stay would mitigate these harms by ensuring procedural clarity before requiring Plaintiff to respond to Defendant's filings.

## 2. A Stay Promotes Judicial Economy

Staying proceedings ensures the efficient use of judicial resources by addressing foundational procedural issues before advancing litigation. Courts consistently emphasize the importance of avoiding unnecessary or duplicative efforts:

A. **Avoiding Unnecessary Litigation**:

    i.    Resolving Plaintiff's objection first ensures clarity on the procedural status of the case. If the District Judge reinstates the default judgment, any subsequent litigation on Defendant's filings will be unnecessary (*Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis*, 299 U.S. at 254).

ii.   This approach prevents the Court and parties from engaging in potentially
      futile motions, responses, or hearings.

B. **Streamlining Case Management**:

i.    A stay enables the Court to focus on resolving the objection without
      interference from overlapping filings or procedural disputes. Addressing
      foundational issues early ensures that the case proceeds under a clear
      and uncontested procedural framework (*Crawford-El v. Britton*, 523 U.S.
      574, 598 (1998); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1043
      (10th Cir. 2005)).

ii.   Staying proceedings avoids the potential procedural confusion that arises
      when litigation moves forward before critical disputes are resolved.

C. **Preventing Precedential Concerns**:

i.    Allowing litigation to proceed before resolving the default judgment
      objection risks setting a precedent that undermines the efficiency and
      authority of judicial processes. Granting a stay reinforces the Court's
      commitment to resolving procedural disputes thoroughly and fairly,
      thereby preserving confidence in the judicial system (*Chavez*, 402 F.3d at
      1043).

**3. Defendant Will Not Be Prejudiced by a Stay**

Granting a stay imposes no undue burden or harm on Defendant. On the contrary:

    A.  **Minimal Impact on Defendant**:

        i.    Defendant has already benefitted from the Magistrate Judge's decision to vacate the default judgment, despite Plaintiff's objection. A temporary stay merely preserves the status quo while the Court resolves Plaintiff's objection (*Landis*, 299 U.S. at 254).

        ii.   Defendant's Answer and Motion to Dismiss will remain on file and can be addressed promptly once the Court rules on the objection.

    B.  **Consequences of Defendant's Delay**:

        i.    Defendant's procedural failures caused the default judgment and delayed the resolution of this matter. Requiring Defendant to await a ruling on Plaintiff's objection is consistent with the consequences of its own inaction (*Pioneer*, 507 U.S. at 398).

        ii.   Permitting Defendant to litigate prematurely rewards procedural neglect and disadvantages Plaintiff.

    C.  **Fair Opportunity to Litigate**:

        i.    Defendant retains the opportunity to present its defenses once the District Judge resolves the objection. A stay ensures that all filings proceed under

a clear and uncontested procedural framework, protecting the rights of

both parties (*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,

380 (1994)).

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court issue an order

staying all proceedings in this case, including consideration of Defendant's Answer and

Motion to Dismiss, until the District Judge resolves Plaintiff's objection to the Magistrate

Judge's Order granting Defendant's Motion to Set Aside Default Judgment. Such a stay

will preserve the integrity of judicial proceedings, prevent undue prejudice to Plaintiff,

and promote judicial efficiency by addressing foundational procedural issues before

advancing litigation.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Darrell Allen respectfully prays that this Court:

1. **Grant this Motion to Stay Proceedings**, halting all filings, responses, and
   hearings until the District Judge rules on Plaintiff's pending objection.

2. **Defer Consideration of Defendant's Filings**, including the Answer and Motion
   to Dismiss, until the objection is resolved.

3. **Grant any other relief that this Court deems just and proper** to preserve
   fairness and judicial efficiency.

Dated: 12/09/2024

Respectfully submitted,

By: _____

**Darrell Allen**

*Pro Se*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| **Darrell Allen**<br>Plaintiff**,**<br>vs.<br><br>**Evolve Vacation Rental Network, Inc.**<br>**Defendant.** | CASE NO: 1:24-cv-02404-CNS-NRN |

**PROPOSED ORDER GRANTING PLAINTIFF'S MOTION TO STAY PROCEEDINGS**

The Court, having reviewed Plaintiff's Motion to Stay Proceedings Pending Resolution
of Objection to Magistrate Judge's Order and being fully advised in the premises,
hereby ORDERS as follows:

1. **Plaintiff's Motion to Stay Proceedings is GRANTED.**

   a. All proceedings in this case, including consideration of Defendant's filings,
      are stayed until the District Judge resolves Plaintiff's objection to the
      Magistrate Judge's Order dated November 28, 2024.

2. **Pending Filings Deferred:**

   a. Defendant's Answer and Motion to Dismiss shall remain on file but will not
      be considered by the Court or require a response from Plaintiff until the
      objection is resolved.

3. **No Further Filings Without Leave of Court:**

    a. Both parties are directed to refrain from submitting additional filings or engaging in substantive litigation until further notice from the Court.

4. **Preservation of Rights:**

    a. This Order shall not prejudice the ability of either party to pursue their claims or defenses once the stay is lifted.

5. **Expedited Consideration of Objection:**

    a. The Court recognizes the importance of promptly resolving Plaintiff's objection and will prioritize this matter for expedited review.

**SO ORDERED** this ___ day of _____, 2024.

**BY THE COURT:**

Charlotte N. Sweeney

United States District Judge

_____

**CERTIFICATE OF SERVICE**

I, Darrell Allen, hereby certify that on this 9th day of December 2024, I served a true and correct copy of the following document(s): Plaintiff's Motion To Stay Proceedings pending resolution of objection to magistrate judge's order.

on the following parties via the methods indicated below

**Evolve Vacation Rental Network Inc.**
**c/o Melisa H. Panagakos Michael J. Breaker**
**950 17th Street, Suite 2600**
**Denver, Colorado 80202**
**Telephone: (303) 892-0404**
**Email:** Melisa.Panagakos@jacksonlewis.com Michael.Breaker@jacksonlewis.com

Dated: 12/09/2024

Respectfully submitted,

By: _Darrell Allen_

**Darrell Allen**
*Pro Se*